UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
PETRIX DESROSIERS, :
:
Petitioner, :
: MEMORANDUM AND ORDER
-against- :
: 05-CV-2941 (CBA)
:
WILLIAM PHILLIPS, Superintendent, :
Green Haven Correctional Facility, :
:
Respondent. :
----------------------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE:

Before the Court is a petition by Petrix Desrosiers for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his guilty plea for Robbery in the First Degree (N.Y. Penal Law § 160.15) in the Supreme Court of the State of New York. Desrosiers asserts that he is entitled to such relief because his plea was not knowingly or voluntarily made but was the result of duress in violation of his constitutional right to due process. In addition, Desrosiers seeks to amend his petition to add the claim that his plea was not knowing or voluntary because he was not informed of his post-release supervision term. On February 3, 2006, this Court referred Desrosiers' petition to the Honorable Joan M. Azrack, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Azrack has recommended that the petitioner's habeas petition be dismissed and his motion to amend be denied. The petitioner has not challenged the dismissal of his original habeas claim but challenges the denial of his motion to amend. The Court has done a de novo review of the record and, accordingly, dismisses the claim in his original petition but grants his motion to amend his petition.

1.  **Discussion**

Desrosiers, who is proceeding pro se, filed objections to Magistrate Judge Azrack's denial of his right to amend his petition.

In his objections, petitioner claims that the post-release supervision was not mentioned in the sentencing and that the sentencing judge, Robert Hanophy, "concluded" that he failed to inform the petitioner about the length of his sentence and the post-release supervision in his decision on January 25, 2005. To the extent that the petitioner is now claiming that he was not informed of the length of his prison sentence that claim is clearly without merit. (<u>See</u> Plea Mins. 11:25-12:3, Feb. 13, 2003). He also claims that "[t]he PRS was never mentioned" and "there was never any type of discussion of any kind relating to PRS." This claim is also meritless. The judge asked the defendant, "[D]o you realize and I am advising you that your sentence includes a period of post-release supervision?" (Plea Mins. 23:11-18.) This statement put the petitioner on notice that he would be subject to a mandatory post-release supervision term after serving his twelve year sentence. Finally, he claims that "at no time was there any discussion of five years PRS on top of the twelve year sentence." Petitioner is correct that the length of the PRS was never mentioned on the record. He now argues that he would have withdrawn his plea if he knew of the post-release supervision.

With respect to the merit of the petitioner's claim that his plea was not knowing or voluntary because the court failed to inform him of the post-release supervision, the Court notes first that <u>Earley v. Murray</u>, 451 F.3d 71 (2d Cir. 2006) does not hold that a plea is involuntary because the court failed to inform the defendant of post-release supervision. Rather, that case stands for the proposition that it is the role of the judge, and not an administrative officer, to set the defendant's sentence. Nevertheless, petitioner's motion to amend does raise issues worthy of

consideration. Under the liberal standard set forth in Federal Rule of Civil Procedure 15(a) for amendments to pleadings after responsive pleadings have been filed, the Court allows the petitioner to amend his habeas petition to add this claim. FED. R. CIV. P. 15(a) ("leave shall be freely given as justice requires."). Additionally, the Court grants the petitioner counsel to pursue his amended petition. 18 U.S.C. § 3006A(a)(2)(B) (a court may, in its discretion, appoint counsel to a petitioner seeking relief under 28 U.S.C. § 2254 where "the interests of justice so require."). The Court hereby appoints Jane Smith, P.O. Box 1277, Milbrook, NY, 12545, (845) 724-3415, to act as petitioner's counsel in this matter. The District Attorney is ordered to provide petitioner's counsel with the state court record in this case by October 13, 2006. A telephone status conference will be held on October 23, 2006 at 9:30 a.m. to set a briefing schedule.

## II. Conclusion

Upon consideration of all of the filings in this case, including the R&R and objections thereto filed by Desrosiers, the Court hereby orders that the claim in Desrosiers' original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. His request to amend his petition is granted.

SO ORDERED.


Dated: Brooklyn, New York         Carol B. Amon
      September 26, 2006         United States District Judge