UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PETRIX DESROSIERS,                       :          NOT FOR PUBLICATION
               Petitioner,        :
                                    :          <u>MEMORANDUM AND ORDER</u>
    -against-                   :
                                    :          05-CV-2941 (CBA)
WILLIAM PHILLIPS, Superintendent,   :
Green Haven Correctional Facility,     :
                  Respondent.    :
------------------------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE:

Petrix Desrosiers petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on

April 25, 2005. On September 26, 2006, this Court denied the claims in his original petition,

granted his request to amend his petition, and appointed him counsel to pursue his amended

petition ("September Order"). Desrosiers currently seeks to have his term of post release

supervision ("PRS") declared void, or in the alternative, to overturn his guilty plea for Robbery

in the First Degree (N.Y. Penal Law § 160.15) in the Supreme Court of the State of New York as

not knowingly, voluntarily and intelligently given. (Reply Mem. in Supp. of Am. Pet. ("Reply"),

at 12.) For the reasons set forth below, the parties are directed to provide the Court with

additional briefing on the issues described herein.

I.     **Claims in Desrosiers's Amended Petition**

Subsequent to the Court's September Order, Desrosiers, through his counsel, submitted a

brief in support of his amended petition on December 7, 2006 ("Amended Petition Brief"). In

Desrosiers's original request to amend his petition he sought to add the claim that his plea was

not voluntary, knowing, and intelligent because he was not informed of the length of his PRS. In

the Amended Petition Brief, Desrosiers's counsel also seeks to bring the claim that, to the extent

the PRS was added by the Department of Correctional Services ("DOCS"), it violated

Desrosiers's due process rights.  These claims will be addressed separately.

## II.    Timeliness

Desrosiers's conviction became final on February 28, 2005, ninety days after November 30, 2004, the day the Court of Appeals denied his leave to appeal the denial of his direct appeal. People v. Desrosiers, 821 N.E.2d 977 (N.Y. Nov. 30, 2004) (table).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Desrosiers had until a year later, or February 28, 2006, to file his petition.  28 U.S.C. § 2244(d).  The one year statute of limitations is tolled during the pendency of any applications for state post-conviction or collateral review.  28 U.S.C. § 2244(d)(2).  Accordingly, Desrosiers's petition was tolled during the period that his motion pursuant to New York Criminal Procedural Law § 440.20 was pending ("§ 440 motion").  He filed the § 440 motion on October 25, 2004, before his conviction became final, and his appeal of the denial of his § 440 motion was denied on April 15, 2005.  Thus, Desrosiers had until April 15, 2006 to file his habeas petition.  He filed his original petition on April 25, 2005, well within the statute of limitations period for filing his habeas petition.  All of the claims in that original petition were denied by this Court in the September 26, 2006 Order.

On November 22, 2005, also well within the statute of limitations period, Desrosiers filed a motion seeking to amend his petition.  In that motion, Desrosiers sought to add a single claim – the claim that his plea was not voluntary because he was not informed of the length of his PRS before he took his plea.  (Mot. Pursuant to Fed. R. Civ. P. 15(a), ¶ 7.)  He did not seek to bring the claim that his sentence violated his due process because DOCS added the PRS term until he filed his Amended Petition Brief on December 7, 2006, almost eight months after April 15, 2006. (Id. at 13.)

Accordingly, the claim that his plea was not voluntary is clearly timely. For the reasons set forth below, however, that claim must be dismissed. The claim that it was a violation of due process for DOCS to add the PRS on its face appears to be untimely. Before making that determination, however, the Court must address two additional doctrines. First, his new claim is timely filed if it relates back to a timely filed claim. Fama v. Comm'r of Corr. Svcs., 235 F.3d 804, 815 (2d Cir. 2000). Second, his new claim is timely filed if the factual predicate for the due process claim "could [not] have been discovered through the exercise of due diligence" by Desrosiers until December 7, 2005 or after. 28 U.S.C. § 2244(d)(1)(D). Assuming the claim is found to be timely, an additional issue arises as to whether it was exhausted. Additional briefing is required on all of these issues.

## III. Exhaustion

In order to obtain federal habeas review of a claim pursuant to 28 U.S.C. § 2254, the petitioner must have fairly presented the same claim in the state courts and have exhausted all possible state remedies. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Fama, 235 F.3d at 808. The exhaustion requirement requires the petitioner to have presented to the "highest state court from which a decision can be had" and to have presented "both the factual and legal premises of the claim he asserts in federal court." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 190 n.3, 191 (2d Cir. 1982) (en banc); Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001).

### A. Voluntariness of Plea Claim

Desrosiers failed to exhaust his claim that his plea was not voluntary because he was not informed of the length of the PRS, since he never raised the claim in the proper forum in state

court. (Supp. Aff. and Mem. of Law in Opp'n to Pet. at 25.). On direct appeal, Desrosiers filed

a motion in which he only challenged the excessiveness of his *sentence*, not the voluntariness of

his *plea*. See 22 N.Y.C.R.R. § 670.12.

In his direct appeal, Desrosiers argued that his appeal *waiver* was not voluntary,

knowing, and intelligent because he was not told of the length of his PRS. He did not directly

argue that because he was not told the length of the PRS, the *plea* itself was not voluntary,

knowing, and intelligent. The Appellate Division affirmed his sentence without an opinion.

People v. Desrosiers, No. 2003-4650, slip op. (N.Y. Sup. Ct. May 28, 2004). In his subsequent §

440 motion, Desrosiers cited to People v. Goss, 733 N.Y.S.2d 310 (N.Y. App. Div. 2001),

apparently to support his argument that his appeal waiver should be voided due to his lack of

knowledge of the length of the PRS. (Mot. to Set Aside Sentence Pursuant to § 440.20, dated

October 25, 2004, ¶ 12.) In response to Desrosiers's § 440 motion, respondent argued that "to

the extent [Desrosiers] is alleging that his sentence is somehow illegal because the Court

informed him of the post-release supervision, but did not specify the length of that supervision,

that claim is barred under section 440.20(2) of the Criminal Procedure Law," which provides

that this type of motion must denied if the claim has been previously rejected on the merits by an

appellate court. (Aff. in Opp'n to Def.'s Mot. to Set Aside Sentence, ¶ 22.) The Supreme Court

accepted this argument and held that "to the extent that [Desrosiers] is alleging that the sentence

is somehow illegal because the Court did not specifically mention the length of the term of post-

release supervision, that claim is barred pursuant to C.P.L. § 440.20(2) since the merits of that

application have been previously rejected by an appellate court." People v. Desrosiers, No.

3520/2000, slip op. at 2 (N.Y. Sup. Ct. Jan. 25, 2005).

Desrosiers argues that since respondent argued in its briefs filed in opposition to his second § 440 motion that this claim was decided on the merits by the appellate court, the respondent should be barred, under the principle of judicial estoppel, from now arguing that this claim is procedurally barred.  "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citing Davis v. Wakelee, 156 U.S. 680, 689 (1895)).  This Court finds that the principle of judicial estoppel does not apply to this case.  The respondent never argued that the issue of whether Desrosiers's *plea* was involuntary was decided on the merits.  The respondent argued that the issue of whether Desrosiers's *sentence* was illegal had been previously decided.  (Aff. in Opp'n to Def.'s Mot. to Set Aside Sentence, ¶¶ 18, 22.)

Desrosiers cannot now return to state court to exhaust this claim because, as an on-the-record claim, it should have been raised on his direct appeal.  McKinney's CPL § 440.10(2)(c);[1] see also St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004) (applying this statute and concluding that the petitioner's claim was barred from further review in the New York courts because "the failure to have raised the claim on direct review now forecloses further collateral review in state court").  During his plea, the judge asked Desrosiers: "[D]o you realize and I am

---

[1]Section 440.10(2)(c) provides:
[T]he court must deny a motion to vacate a judgment when ... [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

advising you that your sentence includes a period of post-release supervision?" (Plea Mins. 23:11-18.) This statement put the petitioner on notice that he would be subject to a mandatory post-release supervision term after serving his twelve year sentence. However, the length of the PRS was never mentioned on the record, either during his plea or sentencing hearing. Since he was informed of the existence of the PRS and never told of its length, all of the information he needed to make this claim was on the record.

If a claim has not been exhausted and the petitioner no longer has a state forum in which to raise the claim, the claim should be deemed exhausted but procedurally barred from habeas review. Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); see also Ramirez v. Attorney Gen. of the State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001) (holding that federal claims which were never brought to the highest state court are exhausted but procedurally barred). Thus, this claim is deemed exhausted but procedurally barred from review by this Court. Federal review of Desrosiers's claim would be available if he could "demonstrate cause for the [procedural] default and actual prejudice as a result...or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Fama, 235 F.3d 804. Desrosiers does not claim any cause for his failure to raise this claim and thus cannot meet the cause and prejudice standard. The Supreme Court has held that the exception for fundamental miscarriage of justice is very limited and extends to cases where the constitutional violation has "probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496; see also Dretke v. Haley, 541 U.S. 386 (2004). Desrosiers has not made any attempt to show actual innocence, and therefore cannot establish a fundamental miscarriage of justice necessary to obtain habeas review of any of his procedurally barred claims. Accordingly, the Court cannot

review this claim.

**B.      Due Process Claim**

Even assuming the Due Process claim is timely, it faces yet another procedural hurdle.

Desrosiers has never raised the claim in state court that his due process rights were violated by

the DOCS adding the PRS to his sentence.  Accordingly, that claim is unexhausted.  If a claim

has not been exhausted and the petitioner no longer has a state forum in which to raise the claim,

the claim should be deemed exhausted but procedurally barred from habeas review.  Bossett v.

Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); see also Ramirez v. Attorney Gen. of the State of

N.Y., 280 F.3d 87, 94 (2d Cir. 2001) (holding that federal claims which were never brought to

the highest state court are exhausted but procedurally barred).  In this case, it is unclear whether

there is now a state court forum in which Desrosiers can bring his claim.  In addition, if he

cannot return to state court at this point, federal review of Desrosiers's claim would be available

if he could "demonstrate cause for the [procedural] default and actual prejudice as a result...or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice."  Coleman, 501 U.S. at 750; Fama, 235 F.3d 804.  Desrosiers has not argued cause for

the possible procedural default.  Accordingly, in addition to the issues listed above, the Court

directs the parties to provide additional briefing on the issue of whether a forum exists in state

court for Desrosiers to raise his claim now and, if not, whether there exists cause and prejudice

for his procedural default.

**II.      Conclusion**

In sum, Desrosiers's claim that his plea was not voluntary because he was not informed of the length of the PRS is dismissed. The Court directs the parties to submit briefs on the remaining issues delineated above according to the following schedule: Desrosiers must submit his brief by October 15, 2007, and respondent must respond by November 14, 2007. Any reply is due by November 30, 2007.

SO ORDERED.


Dated: Brooklyn, New York       Carol Bagley Amon
     September 13, 2007       United States District Judge